UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KEVIN DOUGLAS MCGEE,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)　　No. 4:19-CV-1190-DDN
　　　　　　　　　　　　　　　　　　)
MARK STRINGER,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　Defendant.　　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff Kevin Douglas McGee's application to proceed in district court without prepaying fees or costs. Upon consideration of plaintiff's financial information, his application will be granted. Additionally, for the reasons explained below, the Court will dismiss plaintiff's civil rights complaint filed under 42 U.S.C. § 1983.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether

a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this civil action on a court-provided form for an action under 42 U.S.C. § 1983. In his caption, he lists as a defendant Mark Stringer, Missouri Department of Mental Health. At present, plaintiff receives care and treatment from the State of Missouri Department of Mental Health at the Southeast Missouri Mental Health Center facility in Farmington, Missouri.

In the body of his complaint, however, plaintiff lists as defendants Lieutenant Brown, Zebedee Williams, and Mack McCoy, three police officers involved in plaintiff's 1987 arrest for felony stealing and flourishing a deadly weapon.

Plaintiff's statement of claim states as follows:

I was confronted by Mack McCoy, and Nov. 17, 1987 he wired my chest with a bug it went into my boot a micro cassette recorder and I drove down to Long John Silvers off of Kingshighway. I was being trailed by Mack McCoy. I stopped at Danny L. Adams and he was working on his car. I did not waste much time the recorder was running in my boot. I asked Danny if he could score me a gram of "coke." He wasn't buying as I was already jittery after our conversation I showed Danny the cash. He was reluctant so basically I drove home to my Apt. 135 South Spanish. McCoy nor the arresting officer, Zeb William[s] 61, were staking my Apt. out. As I was entered or tried to enter my Apt. I heard Zeb Williams call on a bullhorn, "Hit your knees" and "I did so" as I spotted 6 to 8 other cops around the apartment. I asked them if they had a signed warrant. They declined to say. I observed Zeb Williams going into my apartment and the rest, this was December 27, 1987. I was transported 3 days later to Jackson Co. Jail on the rotunda Hwy 67. I stayed there until June 8th of 1988 at which time Sgt. Scott at the jail put me in a Crown Victoria and drove me to Fulton State Hospital in Farmington. I saw a Ph.D. named Clay English. He diagnosed me as bi-polar I think his 20 minute oratorical spillage of blarney. My 2 charges were felony stealing and a trumped up charge of

2

flourishing a deadly weapon, a bogus trumped up charge to make their scheming stick.

Plaintiff also writes of a "confidential informant dossier" opened by defendant officer Mack McCoy. He also states at various points on the form complaint, "I do not think [I filed a grievance] I say I was railroaded into pleading N.G.R.I.," "I was so drugged I could not see straight," "I reiterate for you I was set up by the Cape Girardeau cops."

For relief, plaintiff seeks "to go to a court for a rehearing and overturn my conviction of this insidious issue of N.G.R.I."

## Discussion

Plaintiff appears to be alleging civil rights violations arising out of his arrest in 1987 by Cape Girardeau Police Officers Mack McCoy and Zeb Williams. The Court will dismiss this action as untimely as plaintiff has filed it more than two decades after the expiration of the five-year statute of limitations for bringing § 1983 claims. Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *See Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

To the extent plaintiff can be understood to challenge the 1988 judgment, the complaint is again untimely, as it was filed more than two decades after the expiration of the one-year grace period for challenging state court judgments entered before the AEDPA was enacted. *See Ford v. Bowersox*, 178 F.3d 522, 523 (8th Cir. 1999) (when the challenged state court judgment became

3

final before the AEDPA was enacted, a petitioner is entitled to a one-year grace period, ending on April 24, 1997). To the extent plaintiff can be understood to seek review of a state court decision denying him conditional or unconditional release, it appears that plaintiff has failed to exhaust his state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A), *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009).

For these reasons, the Court will dismiss without prejudice plaintiff's complaint brought pursuant to 42 U.S.C. § 1983. *See* 42 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's complaint will be **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel will be **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of August, 2019.

JOHN A. ROSS
UNITED STATES MAGISTRATE JUDGE